

IN THE
TENTH COURT OF APPEALS

No. 10-11-00310-CV

RMDG CONSTRUCTION, LLC
D/B/A DUDLEY GENERAL CONTRACTORS
AND DUDLEY CONSTRUCTION, LTD.
D/B/A R.M. DUDLEY CONSTRUCTION COMPANY,

Appellants

 v.

OAKWOOD CUSTOM HOMES GROUP, LTD.
AND INSURORS INDEMNITY COMPANY,

Appellees

From the 361st District Court
Brazos County, Texas
Trial Court No. 07-002207-CV-361

## ORDER OF REFERRAL TO MEDIATION

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2011).  The policy behind ADR is stated in the statute:  "It is the policy of this state to encourage the peaceable resolution of disputes … and the early settlement of pending litigation through voluntary settlement procedures."  *Id*. § 154.002.

Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id.* § 154.021(a); 10TH TEX. APP. (WACO) LOC. R. 9.

The Court assigns Alice Oliver-Parrott as the mediator. Her contact information is as follows:

> Alice Oliver-Parrott, P.C.
> 5009 Caroline Street, Suite 100
> Houston, TX 77004-5750
> (713) 222-6338
> (713) 222-6334 (fax)

Mediation must occur within sixty days after the date of this order.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented, and it is suggested that the parties provide the mediator with their appellate briefs. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process, and each corporate party must be represented by a corporate employee, officer, or agent with authority to bind the corporate party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fee will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this order must be filed with this Court and served upon all parties within ten days after the date of this order, or it is waived.

We refer this appeal to mediation.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed May 23, 2013
Do not publish